**UNITED STATES of America**

**v.**

**Louis J. MONGELLI, et al., Defendants.**

**No. 91 Cr. 821 (VLB).**

United States District Court,
S.D. New York.

July 28, 1992.

Andrew M. Lawler, P.C., New York City, for defendant Louis J. Mongelli.

Benjamin Brafman, P.C., New York City, for defendant Robert A. Mongelli.

Gary P. Naftalis, Kramer, Levin, Nessen, Kamin & Frankel, New York City, for defendant Louis J. Mongelli, Jr.

Scott E. Mollen, Graubard, Mollen, Horowitz, Pomeranz & Shapiro, New York City, for defendant corporations.

Michael L. Tabak, Sr. Trial Counsel, U.S. Attorney's Office, Southern District of New York, White Plains, N.Y., for U.S.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

Defendants have moved to dismiss counts 32–47 of the indictment on the ground that 18 U.S.C. § 666 does not cover offers of bribes of state officials administering federally aided programs in order to obtain licenses, regardless of the amount of

the bribes offered or the value of the business which could be done under the licenses, because the licenses themselves have no independent pecuniary value to the agency.

18 U.S.C. § 666(a)(2) provides that it is a federal crime if one "... corruptly gives, offers, or agrees to give anything of value to any person, with intent to influence or reward an agent ... of a State, local ... government, or any agency thereof, in connection with any business, transaction, or series of transactions of such ... government, or agency involving anything of value of $5,000 or more ..."

Subsection (a)(2) is applicable only where the government or agency receives, in any one year period, benefits in excess of $10,000 under a federal program as described in § 666(b), a matter not disputed here. Defendants proceed on the basis that it is undisputed that the things of value for which the bribes alleged in the indictment were offered were licenses that were never issued.

Defendants argue that an essential element of a crime charged under 18 U.S.C. § 666 is that the transaction to which the alleged bribe pertains must have a pecuniary value to a state or local entity of at least $5,000. To support this argument, they cite cases under the mail and wire fraud statutes (18 U.S.C. §§ 1341–42) decided prior to the enactment of 18 U.S.C. § 1346.[1]

Defendants' motion is procedurally problematic because the indictment charges that things of value in excess of $5,000 were involved (see, e.g., count 32, paragraph 52). Since the indictment itself alleges a conspiracy to violate 18 U.S.C. § 666, defendants' motion is the equivalent of a motion for summary judgment not authorized by the Federal Rules of Criminal (or for that matter, Civil) Procedure. However, the United States Attorney has opposed the motion solely on the merits of the statutory construction issue presented

by the defendants' motion, thus presumably waiving objection to the procedure involved. Since both parties have elected to ignore the procedural barrier and there appears to be no jurisdictional reason not to accept the waiver of the procedural objection otherwise available to the Government, I proceed to the merits of the argument.[2]

Section 666 does not contain language comparable to that of 18 U.S.C. § 1341, which applies to a scheme to defraud "or for obtaining money or property ..." The thrust of § 666 is not solely to protect the state agency or its funds. Rather, it is to "protect the *integrity* of the vast sums of money distributed through Federal programs from theft, fraud and *undue influence by bribery."* S.Rep. 225 at 369, 98th Cong., 2d Sess., 1984 U.S.Code Cong & Admin.News 3182, 3511 (emphasis added). Section 666 protects the proper use of federal funds as well as those funds themselves. The $5,000 triggering provision should thus be interpreted as intended to require that substantial matters of that actual value be involved, not that the agency be at risk of losing that amount.

This interpretation reflects the plain meaning of the statute, which does not refer to pecuniary loss to the agency. Section 666 does not require that the $5,000 "involved" be measured in terms of value *to the agency:* this would hardly constitute a reasonable criterion where the agency is engaged, not in buying or selling goods or services, but in allowing or not allowing activities to be carried on which have substantial financial value to licensees. One can hardly be heard to claim, for example, that a license to dump large amounts of waste is a valueless item.

Defendants cite and rely upon the principle of lenity. This principle, which requires clear definition of the criminal conduct charged, is relevant to the culpable conduct intended to be deterred—the offering of

---

1. Section 1346 was enacted in 1988, and made it clear that the mail and wire fraud statutes would have prospective application to intangibles.

2. The equivalent of a motion for summary judgment appears permitted in a *removed* criminal case by 28 U.S.C. 1446(c)(5), which provides

that if a removed state criminal prosecution is not summarily remanded, the court "shall order an evidentiary hearing to be held promptly and after such hearing shall make such disposition ... as justice shall require."

See, e.g., *Commonwealth of Kentucky v. Long,* 837 F.2d 727 (6th Cir.1988).

bribes—and not to the jurisdictional amount (with respect to which intent may not be required). See *United States v. Ricciardi*, 357 F.2d 91 (2d Cir.), *cert. denied*, 384 U.S. 942, 86 S.Ct. 1464, 16 L.Ed.2d 840 (1966).

The term "thing of value," used in § 666 but not in 18 U.S.C. §§ 1341–42, has long been construed in other federal criminal statutes to embrace intangibles. See, e.g., *United States v. Williams*, 705 F.2d 603, 622–23 (2d Cir.), *cert. denied*, 464 U.S. 1007, 104 S.Ct. 524, 78 L.Ed.2d 708 (1983); *United States v. Girard*, 601 F.2d 69, 71 (2d Cir.), *cert. denied*, 444 U.S. 871, 100 S.Ct. 148, 62 L.Ed.2d 96 (1979). That construction should thus be applied here. The prosecution's proof at trial may show in one or more of several ways that the license (or licenses) for which bribes were alleged to have been offered had a value of $5,000 or more. The sufficiency of the prosecution's showing can only be determined at trial and not on this motion:

(a) The amount of the bribe offered may be an indication of the market value of the advantage to be purchased, in the same way that an appraiser would look to prices actually offered for an asset in determining its value;

(b) The dollar amount of gross business or profit obtainable by one having licenses similar to those sought to be obtained by the bribe offered may establish the jurisdictional amount;

(c) Evidence may establish the actual value of the licenses to the defendants (or in the market if they were sold).

The valuation of intangibles is a traditional challenge which has routinely been met by courts in the past, e.g. with respect to the jurisdictional amount requirements for diversity jurisdiction under 28 U.S.C. 1332, and, indeed, in federal question cases under 28 U.S.C. § 1331 prior to 1980. The value of a right to engage in a business activity has been recognized as subject to reasonable estimation. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936).

Defendants' motions to dismiss counts 32–47 are denied. SO ORDERED.