### UNITED STATES of America

v.

### Arun GAIND, Defendant.

### No. 91 Cr 859 (VLB).

United States District Court,
S.D. New York.

Sept. 13, 1993.

**670**

Marjorie Miller, Asst. U.S. Atty., White Plains, NY, for U.S.

James O. Druker, Kase & Druker, Garden City, NY, for defendant.

## MEMORANDUM

VINCENT L. BRODERICK, District Judge.

### I

This memorandum explains my reasons for departing from the otherwise applicable Guidelines in sentencing the defendant Arun Gaind on June 11, 1993 to thirty-three (33) months for false statements in connection with contracts for testing material for the Environmental Protection Agency contrary to 18 U.S.C. § 1001, and for related crimes. Mr. Gaind's only business involved such testing. Prior to the time I imposed sentence, that business was effectively destroyed by the consequences of such discovery.

### II

Under 18 U.S.C. § 3553(b), I am directed to depart from otherwise applicable guideline sentences where "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described" as determined from the "sentencing guidelines, policy statements, and official commentary ..."

The purposes of sentencing are defined by statute. One of the most important ones is "to protect the public from further crimes," 18 U.S.C. § 3553(a)(2)(C). Another purpose is specific and general deterrence of criminal activity (18 U.S.C. § 3553[a][2][B] ).

Both of these purposes are served by dismantling the power conferred by a defendant's role in an enterprise which was the primary vehicle for the criminal activity involved. Such dismantling can be achieved in part through the sentencing process by means of a sufficient term of imprisonment, a fine of such magnitude as to force divestiture of assets of the type under discussion, or conditions of probation limiting a defendant's activities.

These objectives are also principal reasons for numerous statutory and rule provisions as well as prosecutorial efforts, including:

(a) enactment of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.;*

(b) the forfeiture laws including one in RICO itself (18 U.S.C. § 1963);

(c) trusteeships and injunctive decrees seeking to oust wrongdoers from positions of power in institutional entities under RICO and other statutes;

(d) Fed.R.Cr.P. 41(b)(3) authorizing seizure of "property ... which is or has been used as the means of committing a criminal offense ..."

(e) authority for injunctive relief in numerous statutes involving criminal or civil cases or both, e.g., 18 U.S.C. § 1345 (injunctions against fraud);

(f) plea agreements such as that in *United States v. Mongelli,* 794 F.Supp. 529 (S.D.N.Y.1992) involving divestiture of relevant assets by the defendants, effectively removing them from the relevant line of business;

(g) disqualification from engaging in a specific business may be imposed by regulatory agencies under specific statutes.

(h) divestiture can be an independent remedy apart from any other, against various types of illegal activity, as in certain antitrust cases under the Sherman Act 15 U.S.C. §§ 1, 2 prohibiting combinations in unreasonable restraint of trade, and monopolization or attempts to monopolize.

In the present instance, the destruction of the defendant's business has already achieved to a significant extent some although not all of the objectives otherwise required to be sought through the sentencing process. Elimination of the defendant's ability to engage in similar or related activities—or indeed any major business activity—for some time, and the substantial loss of assets and income resulting from this have decreased for the foreseeable future his ability to commit further crime of the type he was tempted to undertake, and constitutes a source of both individual and general deterrence. Others engaged in similar activities or considering engaging in them have doubtless already learned through informal sources that loss of the business entity involved is an obvious consequence of such illegal behavior.

### III

Because of the destruction of the defendant's testing business, the necessity for achieving the purposes of sentencing through sentencing itself has been reduced. The Sentencing Guidelines do not consider the situation presented by complete presentence destruction of a major business previously owned and operated by the defendant as a result of discovery of the crime, where this destruction achieves in part the purposes of the sentence itself.

Under such circumstances 18 U.S.C. § 3553(a) controls through its requirement that the "court shall impose a sentence sufficient, but not greater than necessary" to the defined objectives, and § 3553(b) requires me to depart downward from the Guidelines.