Sanford **LIEBERMAN**, Petitioner,

v.

**UNITED STATES**, Respondent.

No. 93 Civ. 6035 (VLB).

United States District Court,
S.D. New York.

Dec. 22, 1993.

James O. Drucker, Kase & Drucker, Garden City, NY, for petitioner.

Cynthia Keeffe Dunne, Asst. U.S. Atty., White Plains, NY, for U.S.

### MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

#### I

Petitioner Sanford Lieberman seeks *habeas corpus* under 28 U.S.C. § 2255 based on alleged improper failure to grant a downward departure from the United States Sentencing Guidelines in connection with his sentence of twenty-four (24) months on July 19, 1993 on indictment 92 Cr 843 (VLB) for distribution of controlled substances. The petition is denied.

#### II

Petitioner claims that downward departure should be granted on collateral attack notwithstanding pendency of his direct appeal, implicitly contending that this is appropriate because inadequate facts were developed to support his possible appellate argument. Petitioner contends that departure downward was improperly denied because of alleged misinformation concerning hospitalization of an informant's daughter as a result of narcot-ics violations committed by petitioner, and because of failure to take into account destruction of his livelihood as a pharmacist.

There were no affirmative grounds for a sentencing departure in favor of petitioner even were the daughter's experience entirely disregarded.

#### III

■ Petitioner's citation of *United States v. Gaind*, 829 F.Supp. 669 (SDNY 1993), for the proposition that petitioner's loss of his pharmacy business in itself justifies downward departure misconceives the ruling in *Gaind*. In that case the defendant, convicted of falsifying reports to the Environmental Protection Agency, lost not only his specific business but his ability to re-enter the field of environmental testing, which was in Gaind's case the only pathway likely to lead to further illegal activity on his part. Gaind was unlikely to commit any other kind of crime, and could not re-enter the field of environmental analysis once convicted, because of the high visibility and supervised nature of the activity.

Because of these facts, the objective "to protect the public from further crimes" set forth in 18 U.S.C. § 3553(c) and to deter crime under 18 U.S.C. § 3553(a)(2)(B) were sufficiently fulfilled to justify a downward departure from the sentence which would otherwise have been appropriate.

By contrast to conduct of testing for environmental agencies, illegal dealing in controlled substances is a surreptitious activity which can be and at times is conducted even after the violator is convicted. While petitioner's former role as a pharmacist may facilitate distribution of controlled substances, it is hardly essential to such criminal activity.

Entirely apart from specific guidelines, granting greater leniency to pharmacist drug dealers than to other such dealers would run counter to the deeply rooted notion that those with greater power because of a trusted position in society, who abuse that trust,

must be treated with at least as much severity as others.[1]

## IV

By memorandum endorsement of October 30, 1993, I denied petitioner's application that the United States Attorney be required to investigate the informant's daughter's hospitalization or that subpoena power for such an investigation be granted petitioner. If the daughter's tragedy was unrelated to petitioner, petitioner would still not qualify for a downward departure in his sentence. Further intrusion into the life of one tragically affected by illegal drug dealing, whether by petitioner or others, should not lightly be undertaken. Discovery itself can be a weapon for oppression as well as a shield or sword for justice, and must accordingly be subject to prudential control to avoid abuse. Such control is expressly authorized by Fed.R.Civ.P. 26(c).

SO ORDERED.

---

1. See Committee on Criminal Law, Federal Bar Ass'n of New York, New Jersey & Connecticut [now Federal Bar Council], "The need for New Approaches to Sentencing," 3 Criminal Law Bulletin 682 (1967).