UNITED STATES of America

v.

**James VONA, Defendant.**

No. 93–CR–099A.

United States District Court,
W.D. New York.

Jan. 14, 1994.

Patrick H. Nemoyer, U.S. Atty., John E. Rogowski, U.S. Atty., for plaintiff.

Joel E. Daniels, Buffalo, NY, for defendant.

## ORDER

ARCARA, District Judge.

This case was referred to Magistrate Judge Carol E. Heckman pursuant to 28 U.S.C. § 636(b)(1), on March 23, 1993. On August 27, 1993, defendant filed a motion to dismiss Count I of the indictment for failure to establish jurisdictional value.

On November 24, 1993, Magistrate Judge Heckman filed a Report and Recommendation recommending that defendant's motion be granted.

This Court, having carefully reviewed Magistrate Judge Heckman's Report and Recommendation, and no objections having been timely filed, it is hereby

ORDERED, that pursuant to 28 U.S.C. § 636(b)(1), and for the reasons set forth in Magistrate Judge Heckman's Report and Recommendation, defendant's motion to dismiss Count I of the indictment is granted.

IT IS SO ORDERED.

## REPORT AND RECOMMENDATION

HECKMAN, United States Magistrate Judge.

Defendant filed a motion dated August 26, 1993 for a bill of particulars and other discovery material. This motion has been argued before the court and resolved to the satisfaction of both the government and the defendant.

Defendant has moved for a severance of counts and separate trials. This motion is to be handled by the trial judge, Hon. Richard J. Arcara.

The only remaining issue before this court is the defendant's motion to dismiss Count 1 for failure to establish jurisdictional value. This motion has been fully briefed, and argument was heard on November 3, 1993. For the reasons set forth below, it is recommended that defendant's motion be granted.

### DISCUSSION

■ Count 1 charges the defendant with a violation of Title 18 U.S.C. § 666(a)(2). Specifically, James Vona is charged with giving $1,500 to Mark Narowski, an alderman of the

City of North Tonawanda, with intent to influence Narowski in connection with a transaction "involving a thing of value of $5,000 or more, that is, a reduction in the City water and sewer bill issued to the defendant James Vona, by offering to forgive, in fact forgiving a $1,500 loan which loan was made to Narowski in or about December of 1990."

18 U.S.C. § 666 provides in pertinent part as follows:

(a) Whoever, if the circumstance described in subsection (b) of the section exists—

. . . .

(2) corruptly gives, offers, or agrees to give anything of value to any person, with intent to influence or reward an agent of an organization or of a state, local or Indian tribal government, or any agency thereof, in connection with any business transaction, or series of transactions of such organization, government, or agency involving anything of value of $5,000 or more;

shall be fined under this title, imprisoned for not more than 10 years, or both.

The defendant asserts that the bribe alleged in Count 1 did not involve a transaction having a value of $5,000 or more. It is undisputed that the transaction in question involved a water bill for $6,643 which was reduced to the amount of $2,924.25, a reduction of approximately $3,700. According to the government this reduction was obtained in exchange for defendant's agreement to forgive a $1,500 debt owed by Narowski to defendant. Defendant argues that the value of this transaction was the amount by which the bill was reduced, i.e. $3,718.25, substantially less than the minimum $5,000 jurisdictional amount, and therefore the indictment must be dismissed. The government, in contrast, takes the position that the appropriate figure to consider is the original value of the water bill, which was $6,643.

Both parties agree that there are no cases on this point. Defendant notes that the other cases addressing the issue of "value" have only held that the amount of the bribe itself

does not have to be $5,000 or more. *United States v. Duvall,* 846 F.2d 966, 976 (5th Cir. 1988); *United States v. Little,* 687 F.Supp. 1042 (N.D.Miss.1988). The parties also agree that the legislative history is silent on this issue.

Defense counsel cites *United States v. Mongelli,* 794 F.Supp. 529 (S.D.N.Y.1992). In that case, the defendants were state officials charged with corruptly accepting money to issue dumping licenses. The defendants argued that the intangible value of the license to the agency was less than $5,000. In denying defendant's motion, the court found that the "value" in the statute is not measured by the loss to the municipality, but rather to the defendant:

[T]his would hardly constitute a reasonable criterion where the agency is engaged, not in buying or selling goods or services, but in allowing or not allowing activities to be carried on which have substantial value to the licensees.

*Id.* at 530.

I do not find the decision in the *Mongelli* case to be controlling. Here, the case is not concerned with the value of a vague, intangible figure, but rather with a water bill. The issue is whether the value of the transaction is the amount of the proposed reduction rather than the amount of the original full bill.

■ As pointed out by the government, the plain meaning of the statute should control. Here, the statute does not require either the gain to the defendant or the loss to the victim to be $5,000 or more. To the contrary, as long as the overall transaction or the target of the bribe is valued at $5,000 or more, the element of the crime is satisfied.

Accordingly, defendant's theory as a general proposition must be rejected. However, the indictment *in this case* does not charge that the "thing of value" is the City water and sewer bill. It charges that the "thing of value of $5,000.00 or more" is precisely what defendant says—"a *reduction* in a City water and sewer bill." It is clear that the reduction

did not equal or exceed $5,000. Accordingly, as worded, the indictment does not charge an offense which meets the jurisdictional threshold.

## CONCLUSION

For the foregoing reasons, defendant's motion should be granted.

November 23, 1993