**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3485
_____

UNITED STATES OF AMERICA

v.

RONALD A. MCFARLAND,
                                                Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 11-cr-00061-001)
District Judge:  Honorable Yvette Kane
_____

Submitted Under Third Circuit LAR 34.1(a)
April 16, 2012
_____

Before: VANASKIE, ALDISERT and BARRY, Circuit Judges

(Opinion Filed: May 10, 2012)
_____

OPINION
_____

BARRY, Circuit Judge

Ronald McFarland ("McFarland") appeals from the 37-month sentence imposed

upon him after he pled guilty to embezzling over $2.4 million dollars from two cancer

treatment centers.  McFarland's primary contention on appeal is that, in imposing the

sentence, the District Court failed to consider the mitigating factors he presented, as required by 18 U.S.C. § 3553(a). The District Court's sentence was neither procedurally nor substantively unreasonable, and we will affirm.

## I.  Background

McFarland was the president and CEO of Verimed Services, Inc. ("Verimed") and Medical Alliance Partners ("Medical Alliance"), companies that provided third-party billing services to health care providers. Specifically, Verimed and Medical Alliance billed health insurers for medical services, received and recorded payments, and then forwarded checks to the medical service providers. Rosewood Cancer Care Center ("Rosewood") and Oaktree Cancer Care Center ("Oaktree") both utilized the billing services of Verimed and Medical Alliance.

Beginning in January 2007, instead of forwarding checks to Rosewood and Oaktree, McFarland secretly diverted checks payable to them into his Verimed and Medical Alliance accounts. He accomplished this through a complex scheme which involved forging signatures of Rosewood and Oaktree officers, falsifying Verimed patient ledgers, and providing Rosewood and Oaktree with false accounting information. Over a three-year period from January 2007 until December 2009, McFarland utilized this scheme to embezzle more than $2.4 million from the cancer care centers. Eventually, after Rosewood and Oaktree began experiencing cash flow problems, the companies discovered McFarland's embezzlement and alerted the Pennsylvania State Police and the

2

Federal Bureau of Investigation.

On February 23, 2011, an information was filed charging McFarland with one count of theft or embezzlement in connection with healthcare under 18 U.S.C. § 669(a). McFarland pleaded guilty, and his guidelines sentencing range was determined to be 37 to 46 months. At sentencing, defense counsel urged the District Court to exercise its discretion under § 3553(a) and impose a probationary sentence. Defense counsel argued a downward variance to probation was appropriate in light of McFarland's lack of a "venal motive" in committing the crime, his "spirit of cooperation" during the investigation, and his "very low risk of recidivism" upon release. Because McFarland's appeal turns on the extent to which the Court addressed these arguments prior to imposing its sentence, we quote at length from the Court's sentencing remarks:

> I've considered all of the 3553(a) factors, as I'm required to do. I've evaluated the history and characteristics of the defendant, who stands before the Court, 54 years old, no prior criminal record, no substance abuse history and up until now a good work record.
>      I pose that against the nature and the circumstances of the offense that bring him before the Court. As counsel has characterized it, there is a staggering amount of loss here. It's huge. And it had a huge impact on the victims in this case. Not only was there trust violated, a gross abuse of trust, but there were victims to countless acts of forgery by a defendant who placed his own business interests ahead of theirs. This took not only a huge financial and legal toll on victims but an emotional toll, as well. Indeed, the defendant has wreaked havoc in the business affairs of people who trusted him the most.
>      I do not find in this case that there is a basis for departure from the guideline range. I think that under all of the circumstances, the guideline range is modest. I do not find that there is aberrant behavior. I don't think aberrant behavior applies in a case where we see repeated criminal acts over a long period of time and certainly not in this case. Nor do I think that the defendant should be credited for extraordinary responsibility that would

3

invite a downward departure.

> He has cooperated, after these things came to light, and he has received credit for that cooperation in the guideline calculation. And I credit his cooperation when I consider where in the guideline range his sentence should fall.

> I do believe that a guideline range sentence is necessary to justly punish, adequately deter, reflect the seriousness of the defendant's conduct and to promote respect for the law. I also believe that a sentence in the guideline range is necessary to protect the public. Counsel has argued that there is little likelihood of recidivism here. I think that remains to be seen.

> What we have seen so far is a very complicated scheme of forgeries and embezzlement over a long period of time. So I can't really say that there is no likelihood of recidivism in this case.

The District Court then imposed a bottom-of-the-guidelines sentence of 37 months followed by a two-year term of supervised release, and ordered that McFarland make restitution in the amount of $2,463,922.16. In pronouncing its sentence, the Court reiterated that it had "considered all seven factors set forth in the statute" under § 3553(a) and that "the sentence imposed is sufficient but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2)." McFarland filed a timely notice of appeal.

## II. Discussion[1]

Our review of a criminal sentence "proceeds in two stages." *United States v. Merced*, 603 F.3d 203, 214 (3d Cir. 2010) (citing *Gall v. United States*, 552 U.S. 38, 46 (2007)). First, we examine whether the sentencing court committed a "significant procedural error," such as improperly calculating the guidelines range, treating the

---

[1] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. On appeal, we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

4

guidelines as mandatory, or, most relevant to this case, failing to consider the § 3553(a)

factors. *Gall*, 552 U.S. at 51. Second, assuming the sentencing was procedurally sound,

we "then consider the substantive reasonableness of the sentence imposed." *Id.* We

review a criminal sentence for both procedural fairness and substantive reasonableness

under a deferential abuse of discretion standard. *United States v. Levinson*, 543 F.3d 190,

195 (3d Cir. 2008). "[T]he party challenging the sentence has the burden of

demonstrating unreasonableness." *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir.

2009) (en banc).[2]

## A. Procedural Reasonableness

Before pronouncing sentence, a district court is required to give "meaningful

consideration" to the factors set forth in § 3553(a). *United States v. Ausburn*, 502 F.3d

313, 329 (3d Cir. 2007). We have acknowledged that "we can articulate no uniform

threshold" for this requirement "because of the fact-bound nature of each sentencing

decision." *Tomko*, 562 F.3d at 567. That said, the touchstone of the inquiry is whether

the sentencing court "set forth enough to satisfy the appellate court that he has considered

---

[2] Although McFarland characterizes his appeal as a substantive unreasonableness challenge, the failure to consider mitigating factors under § 3553(a) is a procedural error. Ultimately, however, it does not matter whether McFarland's appeal is framed as a substantive or procedural challenge, as our task is to "review a sentence for reasonableness, evaluating both its procedural and substantive underpinnings." *United States v. Lessner*, 498 F.3d 185, 203 (3d Cir. 2007); *see also Levinson*, 543 F.3d at 195 ("Our responsibility on appellate review of a criminal sentence is limited yet important: we are to ensure that a substantively reasonable sentence has been imposed in a procedurally fair way.").

the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007). Although a simple "rote statement of the § 3553(a) factors" is insufficient to meet this standard, *United States v. Sevilla*, 541 F.3d 226, 232 (3d Cir. 2008), a district court "need not make findings as to each factor if the record otherwise makes clear that the court took the factors into account." *Lessner*, 498 F.3d at 203. "Nor must the court consider arguments that clearly lack merit." *Id.*

At sentencing, the District Court twice stated that it had considered all of the factors set forth under 18 U.S.C. § 3553(a). Because, however, a "mere recitation" or "rote statement" of the § 3553 factors, standing alone, would be insufficient, we must examine the record to see whether or not the Court considered at least those arguments for a variance on which McFarland primarily relied.

McFarland first asserts that the District Court ignored his argument that he committed his crime not "out of greed or the desire to live a lavish lifestyle, but in an effort to save his sinking businesses." McFarland is wrong. In discussing the severity of the crime, the Court pointedly described McFarland as "a defendant who placed his own *business interests* ahead of [his victims']." This statement indicates both that the Court understood McFarland's position that his crime was motivated by business interests and that it was decidedly unmoved by the argument.[3]

---

[3] It is not surprising that the District Court was dismissive of this argument, as the notion that McFarland's so-called "business motive" is fundamentally different from a "greed

6

McFarland next argues that the District Court failed to appreciate that he "has already suffered collateral punishment in this case through the loss of his business and professional reputation and depletion of his resources." In essence, this argument posits that because he has already been punished extra-judicially, "just punishment for the offense" under § 3553(a)(2) can be achieved with a lighter judicial sentence. The Court clearly considered the question of "just punishment" in imposing its sentence, and concluded that "a guideline range sentence is necessary to justly punish . . . the defendant's conduct." Indeed, the Court reiterated this conclusion later in the proceeding when it stated that "the sentence imposed is sufficient but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2)."[4]

McFarland also argues that the District Court ignored his argument that a

motive" is, at best, questionable. After all, as the president and CEO of the businesses he was propping up with stolen monies, McFarland undoubtedly realized personal pecuniary gain from his criminal activities. Indeed, McFarland admits that even as his businesses foundered, he continued to pay himself a six-figure salary year after year using funds stolen from the cancer treatment centers.

[4] Additionally, a strong case can be made that McFarland's "collateral punishment" argument is the type of frivolous, non-colorable argument that a district court need not even consider during sentencing. *See Lessner*, 498 F.3d at 203 ("Nor must the court consider arguments that clearly lack merit."). First, if mere reputational damage due to a criminal conviction constituted grounds for a variance, then presumably every criminal defendant could argue for a lighter sentence on that basis. Second, the two cases cited by McFarland in an attempt to support this argument actually undercut his position. In *United States v. Vigil*, the court *rejected* the defendant's argument for a variance on the basis of collateral punishment. 476 F. Supp. 2d 1231, 1315 (D.N.M. 2007). And *United States v. Gaind*, 829 F. Supp. 669 (S.D.N.Y. 1993), has been correctly characterized as "far too broad" and "not the law of this circuit." *See United States v. Gallagher*, 1998 U.S. Dist. LEXIS 38, at *10 (E.D. Pa. Jan. 6, 1998).

probationary sentence would allow him to work towards paying off over $2.4 million in restitution. McFarland is correct that "the need to provide restitution to any victims of the offense" is a factor that should be considered under § 3553(a)(7). Once again, though, the record makes clear that the Court *did* consider the issue of restitution in crafting its sentence. Specifically, the Court provided:

> During the term of imprisonment, restitution is payable every three months in an amount . . . equal to 50 percent of the funds deposited into the defendant's inmate trust fund account. In the event that restitution is not paid in full prior to the commencement of supervised release, the defendant shall, as a condition of supervised release, satisfy the amount due in monthly installments of no less than $200 . . . .

Finally, McFarland argues that the District Court failed to consider that he demonstrated "great remorse" and "fully accepted the responsibility for his actions." Again, he is wrong. The Court recognized that McFarland accepted responsibility, but concluded that this was not the type of "extraordinary responsibility that would invite a downward departure."

## B. Substantive Reasonableness

Having found no flaw in the District Court's sentencing procedure, we next consider the substantive reasonableness of the sentence. In this inquiry, "[w]e may not reverse the district court simply because we would have imposed a different sentence," and we must affirm "[a]s long as a sentence falls within the broad range of possible sentences that can be considered reasonable in light of the § 3553(a) factors." *United*

8

*States v. Wise*, 515 F.3d 207, 218 (3d Cir. 2008). Stated differently, we must affirm "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Tomko*, 562 F.3d at 568.

Although the District Court's sentence of 37 months was at the very bottom of the guidelines range, McFarland nonetheless contends that it is substantively unreasonable and that a probationary sentence is warranted instead. The record, however, provides ample justification for a guideline-range sentence. The Court noted the "staggering amount of loss here" and the "huge impact on the victims in this case"—an impact that was particularly painful because those harmed were the very people "who trusted [McFarland] most." Additionally, the Court rejected the notion that this was "aberrant behavior" that warranted a variance from the guideline range, reasoning that conduct can hardly be deemed "aberrant" in a case involving "repeated criminal acts over a long period of time." Finally, the Court reasoned that in light of "the seriousness of the defendant's conduct," a guideline range sentence was "necessary to justly punish, adequately deter, . . . promote respect for the law . . . [and] to protect the public." The Court's determination that a downward variance was not warranted was eminently reasonable. We simply cannot say that "no reasonable sentencing court would have imposed the same sentence."

## IV.  Conclusion

For the foregoing reasons, we will affirm the judgment of sentence.