DLD-049                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4551
_____

IN RE:  SYLVESTER ANDREWS,
                                                          Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 2-92-cr-00671-008)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 4, 2014
Before:  FISHER, SHWARTZ and SLOVITER, Circuit Judges

(Opinion filed: December 9, 2014)
_____

OPINION[*]
_____

PER CURIAM

    Sylvester Andrews, a federal prisoner proceeding pro se, petitions for a writ of

mandamus compelling, among other things, the District Court to adjudicate his motion

for reimbursement of a special assessment imposed at sentencing.  For the reasons that

follow, we will deny the petition.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In 1993, Andrews was convicted of federal drug and weapons offenses arising out of his participation in a drug-trafficking organization. Andrews was sentenced to life in prison on the drug offenses, plus an aggregate 40-year term of imprisonment for two violations of 18 U.S.C. § 924(c). We affirmed the judgment on direct appeal.

In 2001, Andrews filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255. The District Court denied the motion because it was untimely and we denied Andrews' request for a certificate of appealability. In 2009, the District Court reduced Andrews' life sentence to 360 months in prison based on amendments to the Sentencing Guidelines for crack cocaine offenses. Andrews' 40-year consecutive sentence was not affected.

Andrews then filed a motion pursuant to Federal Rule of Civil Procedure 60(b) seeking relief from the denial of his § 2255 motion. The District Court initially dismissed the motion as an unauthorized second or successive § 2255 motion. We disagreed and reversed and remanded. United States v. Andrews, 463 F. App'x 169, 170 (3d Cir. 2012) (non-precedential). On September 9, 2013, the District Court granted Andrews relief under Rule 60(b). The District Court ruled that under Bailey v. United States, 516 U.S. 137 (1995), Andrews was actually innocent of one of his convictions under § 924(c). The District Court vacated the conviction and the 30-year sentence imposed for that crime.

On October 28, 2013, Andrews wrote a letter to the District Court Clerk stating that he believed he was entitled to reimbursement of a $50.00 special assessment imposed at sentencing for the § 924(c) conviction that was vacated. Andrews asked the Clerk to

see that the matter was addressed and stated that he did not know if there was a procedure he must follow to seek reimbursement. Thereafter, Andrews filed, in accordance with a District Court order, a Rule 60(b) motion setting forth any other bases for relief from the judgment in his § 2255 proceeding. The District Court denied in part and dismissed in part the motion. Andrews also filed another § 2255 motion that the District Court dismissed as second or successive.

On November 24, 2014, Andrews filed the present mandamus petition asking us to compel the District Court to rule on his request for reimbursement of the special assessment. The District Court then issued an order directing the Government to respond to Andrews' request for reimbursement by December 21, 2014. The District Court noted that it was unaware of Andrews' letter to the Clerk, that Andrews had not filed a motion for return of property pursuant to Federal Rule of Criminal Procedure 41(g), and that it would construe his letter to the Clerk as such a motion.

The writ of mandamus traditionally has been used "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." In re Patenaude, 210 F.3d 135, 140 (3d Cir. 2000) (internal quotations and citations omitted). "The writ is a drastic remedy that is seldom issued and its use is discouraged." Id. A petitioner must show that he has no other adequate means to attain the desired relief and that the right to a writ is clear and indisputable. Id. at 141.

Andrews has not made this showing. Although mandamus relief is available in cases of undue delay, Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), superseded in

3

<u>part on other grounds by</u> 3d Cir. LAR 24.1(c), the record reflects that the District Court was unaware of the letter he sent to the Clerk until he filed his mandamus petition. The District Court has now acted on the letter and it appears that Andrews' reimbursement request will be addressed after the Government files its response.

Andrews also asks us to compel the District Court Clerk to reimburse him for all fees and costs incurred in litigating his case since his Rule 60(b) motion was filed. He seeks $1000.00 for various costs, including transcript fees, copying costs, docket fees, and mailing fees. Andrews has not shown that he has no other adequate means to attain relief. He does not state that he has sought such relief in District Court.

Accordingly, we will deny the petition for a writ of mandamus.